IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

SUE KEMBERLING,
JOHN CIAMBRONE, and
EDWARD KAUPLA as
CO-TRUSTEES OF THE KEMCO
CHARITABLE TRUST DATED
FEBRUARY 2, 1998

     Plaintiffs,

vs.

METLIFE LIFE AND ANNUITY
COMPANY OF CONNECTICUT,

     Defendant.
_____/

## COMPLAINT

     Plaintiffs, SUE KEMBERLING, JOHN CIAMBRONE, and EDWARD KAUPLA as CO-TRUSTEES OF THE KEMCO CHARITABLE TRUST DATED FEBRUARY 2, 1998 ("Plaintiffs" or the "Trust"), sue Defendant, METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT ("MetLife"), and allege:

## NATURE OF THE ACTION

     1.    This is an action for damages by a beneficiary for breach of a life insurance contract. Specifically, a claim was made by Plaintiffs upon the insured's death and Defendant has refused to abide by the terms of the life insurance policy and pay the death benefit to the beneficiary of the life insurance contract.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, SUE KEMBERLING, is a citizen of the State of Florida and a resident of Pinellas County, Florida, is co-Trustee of the Trust, and is otherwise *sui juris*.

3. Plaintiff, JOHN CIAMBRONE, is a citizen of the State of Arkansas, is a co-Trustee of the Trust, and is otherwise *sui juris*.

4. Plaintiff, EDWARD KAUPLA, is a citizen of the State of Wisconsin, is a co-Trustee of the Trust, and is otherwise *sui juris*.

5. Upon information and belief, Defendant, MetLife, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

6. This Court maintains personal jurisdiction over MetLife pursuant to Fla. Stat. § 48.193 (2005) by virtue of:

(a) MetLife breaching a contract in this State by failing to perform acts required by contract to be performed in this State;

(b) MetLife engaging in substantial and not isolated activity in this State

(c) MetLife operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(d) MetLife owning, using, possessing, or holding a mortgage or other lien on any real property within this state; and

(e) MetLife contracting to insure any person, property, or risk located within this state at the time of contracting.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff is seeking damages in excess of this Court's jurisdictional limits and there exists diversity of citizenship.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida, including but not limited to:

(1) Lee Kemberling ("Kemberling"), the insured, resided in Pinellas County, Florida at the time the Policy was purchased.

(2) The Application for insurance was made in Pinellas County, Florida.

(3) MetLife's insurance agent was located in Pinellas County, Florida.

(4) The medical exam and other transactions and communications between Kemberling and MetLife regarding the purchase and sale of the Policy occurred in Pinellas County, Florida.

(5) Kemberling died in Pinellas County, Floirda.

(6) MetLife denied coverage under the Policy by mailing a letter to Plaintiiff Kaupla to an address in Clearwater, Florida.

### COUNT I – BREACH OF CONTRACT (AGAINST METLIFE)

9. On March 10, 2005, Kemberling applied for life insurance coverage by completing a Life Insurance Application. A signed application was submitted to MetLife for life insurance on Kemberling in the amount of $10,000,000.00. The insurance policy was previously medically underwritten on December 7, 2004.

10. On or about April 25, 2005, MetLife issued a life insurance policy on Kemberling's life (Policy 7457524) in the amount of $10,000,000.00 (the "Policy"). (Plaintiffs are not in possession of the Policy, the original of which is maintained by Defendant).

11. The beneficiary of the Policy is the Kemco Charitable Trust Dated February 2, 1998.

12. Kemberling died on November 30, 2005.

13. Shortly thereafter, the Kemco Charitable Trust sought the benefits under the Policy from MetLife.

14. MetLife has refused to honor the terms of the life insurance contract by failing to pay the Trust the benefits due to her under the contract.

15. MetLife denied the claim on July 6, 2006.

16. The Trust has suffered damages as a direct and proximate result of MetLife's breach of contract.

17. The Trust and its Trustees have retained the law firm of Kluger, Peretz, Kaplan & Berlin, P.L. to represent them in this action and are obligated to pay reasonable attorney's fees and costs to said firm for its services.

18. All conditions precedent to the maintenance of this action have been satisfied, performed, excused and/or waived or have otherwise occurred.

## DEMAND FOR ATTORNEY'S FEES

19. MetLife is responsible for Plaintiffs' attorneys' fees pursuant to Fla.Stat. §627.428 (2005).

## DEMAND FOR JURY TRIAL

20. Plaintiffs demand trial by jury of all issues triable as a matter of right.

**WHEREFORE**, Plaintiffs, demand judgment be entered against Defendant, METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT, for damages, interest, costs and

attorneys fees pursuant to Fla.Stat. §627.428(2005), and for any other relief that this Court deems just and proper.

Dated this **19th** day of September, 2006.

        **KLUGER, PERETZ, KAPLAN & BERLIN, P.L.**
        *Attorneys for Plaintiffs*
        Miami Center, Seventeenth Floor
        201 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 379-9000
        Facsimile: (305) 379-3428

By: _____/s/Jason S. Oletsky_____
      Jason S. Oletsky
      Fla. Bar No. 009301
      joletsky@kpkb.com