UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE KEMBERLING,
JOHN CIAMBRONE, and
EDWARD KAUPLA as
CO-TRUSTEES OF THE KEMCO
CHARITABLE TRUST DATED
FEBRUARY 2, 1998

      Plaintiff,

      v.                          CASE NO. 8:06-CV-1741-T-23MAP

METLIFE LIFE AND ANNUITY
COMPANY OF CONNECTICUT,

      Defendant.
_____/

**ORDER**

This cause came before the Court on Defendant's amended motion for award of costs (doc. 154).[1] After consideration, I find that Defendant filed the motion unnecessarily and therefore strike the motion. Despite the fact that 28 U.S.C. § 1920 allows the Court or the Clerk to tax costs, Fed. R. Civ. P. 54(d)(1) makes plain the Clerk taxes initially.[2] "The function of the

---

[1] The district judge has referred the matter to me for disposition.

[2] Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d)(1), on the other hand, states:

court [pursuant to Rule 54(d)(1)] in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 1998); *accord Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997) (the clerk taxes the costs).

Defendant has filed a verified bill of costs for taxation with the Clerk of Court in accordance with Fed.R.Civ.P. 54(d)(1) (doc. 152). Subsequent to the filing of the verified bill of costs, the Clerk taxes the permissible costs and either party has five days to file a motion seeking review of the Clerk's action. Thus, after the Clerk of Court makes its determination, the parties shall have five days to move this Court for judicial review of the Clerk's action. For these reasons, it is

    ORDERED:

    1. The Court strikes Defendant's amended motion for award of costs (doc. 154).

    2. Upon action by the Clerk on the bill of costs, the parties may object and seek further relief within the period referenced in Rule 54(d)(1) and as discussed in this order.

    DONE AND ORDERED in chambers at Tampa, Florida on March 24, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party ... *The clerk may tax costs on one day's notice. On motion served within the next five days, the court may review the clerk's action*.