UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE KEMBERLING, et al.,

    Plaintiffs,

v.                                            Case No. 8:06-cv-1741-T-23MAP

METLIFE LIFE AND ANNUITY
COMPANY OF CONNECTICUT,

    Defendant.
_____/

**ORDER**

Defendant, who is the prevailing party after the jury's verdict (doc. 144) and judgment entered in its favor (doc. 148), has filed its verified bill of costs pursuant to Fed. R. Civ. 54(d) in the amount of $23,155.33 (doc. 152). The Clerk has taxed costs against Plaintiffs for the total amount (doc. 156). Plaintiffs have now filed their limited objection to Defendant's bill of costs (doc. 158). After consideration, the Court awards Defendant costs in the amount of $20,184.33.

Pursuant to Fed. R. Civ. P. 54(d)(1), the Court should allow costs, other than attorney's fees, to the prevailing party absent a federal statute, Federal Rule of Civil Procedure or court order providing otherwise. A strong presumption exists in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.,* 249 F.3d 1293, 1296 (11th Cir. 2001). Accordingly, pursuant to the discretionary authority found in Rule 54(d), a federal court may tax as costs those expenses enumerated in 28 U.S.C. §

1920.¹ *Crawford Fitting, Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-442 (1987). This section defines the term "costs" as used in Rule 54(d). *Id.* at 441. Absent explicit statutory or contractual authorization, federal courts must adhere to the limitations set forth in § 1920. *Id.* at 445. Rule 54(d) does not provide a separate source of power to tax as costs any expenses not enumerated in § 1920 but, instead, generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. *Id.* at 441-442.

In the present action, in addition to the costs enumerated in § 1920, Defendant requests costs associated with travel for depositions in the amount of $2,971.00 (doc. 152). However, even though Plaintiffs do not object to the amount of costs associated with the travel for depositions, the Court will not award those costs to Defendant.² "The primary expense associated with depositions will usually be the fees of the lawyers

---

¹ The following costs are permitted under 28 U.S.C. §1920:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. §1923;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. §1828.

² Defendant cites *Cullens v. Georgia Department of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994), for the proposition that, to the extent travel expenses are reasonable, travel expenses qualify as appropriate expenses under 28 U.S.C. § 1920. However, the *Cullens* proposition appears to have little application outside of the Civil Rights context. *See e.g. Lovett v. KLLM, Inc.,* 2007 WL 983192 *5 (N.D. Ga. 2007).

attending the deposition, including their traveling expenses. Those fees and expenses are not taxable as costs, because attorney's fees are not generally recoverable costs." 10 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.103[3][c] (3d ed. 2007). Thus, although Plaintiffs did not object, the Court will not award Defendant the $2,971.00 for deposition travel because those expenses constitute attorney's fees not costs.

The Court will, however, award Defendant the remaining costs in the amount of $20,184.33. In their limited objection, Plaintiffs have failed to object to the remaining costs or any costs claimed by Defendant. In fact, Plaintiffs fail to present any specific, substantive arguments in opposition to the award of costs to Defendant. Plaintiffs do not object to the amount of costs sought by Defendant nor specify an objection to anything specific except to request that a determination of this issue be stayed pending resolution of their upcoming appeal. Plaintiffs do not support their argument with any legal authority but rather argue that it would make no sense for Plaintiffs to pay costs to Defendant only to have to seek recovery of the already paid costs in the event that Plaintiffs prevail in their appeal. However, this factual situation presents itself in many cases, and stays are not routinely entered. *See State Contracting & Engineering Corp. v. Florida,* 2001 WL 36102762 *1 (S.D. Fla. 2001). Further, "it is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg v.*

*Security Management Co., Inc.*, 677 F.2d 64 (11th Cir. 1982).[3]

Based on the foregoing, it is hereby

ORDERED:

1.  The Plaintiffs shall pay Defendant costs in the amount of $20,184.33.

DONE and ORDERED at Tampa, Florida on this 6th day of May, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[3] The Eleventh Circuit does not stand alone in its belief that district courts retain jurisdiction to determine costs and attorneys' fees despite a pending appeal from judgment. *L.E.A. Dynatech, Inc. v. Allina*, 1994 WL 794114 *2 (M.D. Fla. 1994)(citing *Loctite Corp. V. Fel-Pro, Inc.,* 667 F.2d 577 (7th Cir. 1981); *West v. Keve*, 721 F.2d 91, 95 (3d Cir. 1983); *Thomas v. Capital Security Servs., Inc.*, 812 F.2d 984, 987 (5th Cir. 1987)).