UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE KEMBERLING, et al.,

    Plaintiffs,

v.                                            CASE NO: 8:06-cv-1741-T-23MAP

METLIFE LIFE AND ANNUITY
COMPANY OF CONNECTICUT,

    Defendant.
_____/

**ORDER**

Following a jury verdict in favor of the defendant MetLife Life and Annuity Company of Connecticut ("MetLife"), MetLife sought costs as the prevailing party pursuant to Rule 54(d)(1), Federal Rules of Civil Procedure, in the amount of $23,155.33, and the Clerk taxed the amount requested. After the plaintiffs' "Limited Objection" (Doc. 158), the magistrate judge (Doc. 167) struck $2,971.00 from the bill of costs, which amount represents travel expenses incurred by MetLife's counsel in connection with depositions. MetLife objects (Doc. 172) to the reduction. The plaintiffs object (Doc. 173), not to the amount awarded, but to the magistrate judge's refusal to stay the award until resolution of the plaintiff's appeal from the judgment on the merits. Alternatively, the plaintiffs request that "any amount of costs owed by [the plaintiffs] be setoff by the amount of the premium reimbursement owed by [MetLife] to Plaintiffs."

Rule 54(d)(1) generally requires an award of costs (other than attorneys' fees) to the prevailing party. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."); Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001) ("The presumption is in favor of awarding costs."). 28 U.S.C. § 1920 defines allowable costs. "[A[bsent explicit statutory or contractual authorization" for the taxation of other expenses, "federal courts are bound by the limitations set out in . . . § 1920." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). "Ordinarily, travel expenses are not taxed as a cost." DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 240 (N.D. Ga. 1993).[1] However, MetLife argues that Cullens v. Georgia Dep't of Transp., 29 F.3d 1489 (11th Cir. 1994), alters the rule.

In Cullens, the prevailing plaintiffs in an employment discrimination lawsuit pursuant to Title VII appealed from an order denying telephone and travel expenses "on the ground that 28 U.S.C. § 1920 does not provide for their recovery," and on appeal the defendant "acknowledge[d] that this was error," Cullens, 29 F.3d at 1494. Cullens reverses the denial and cites Dowdell v. City of Apopka, 698 F.2d 1181, 1192

---

[1] See also Neely v. General Elec. Co., 90 F.R.D. 627, 630 (N.D. Ga. 1981) ("Ordinarily, travel expenses of counsel in attending a deposition are not taxed as [a] cost."); George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F. Supp. 985, 995 (N.D. Ga. 1982) ("Absent extraordinary or compelling circumstances, travel of attorneys is not a taxable cost of taking depositions."); Daugherty v. Westminster Sch., Inc., 174 F.R.D. 118, 124 (N.D. Ga. 1997); Johnson v. Mortham, 950 F. Supp. 1117, 1126 (N.D. Fla. 1996); 10 James Wm. Moore et al., Moore's Federal Practice § 54.103 (3d ed. 2007) ("The primary expense associated with depositions will usually be the fees of the lawyers attending the deposition, including their traveling expenses. Those fees and expenses are not taxable as costs, because attorney's fees are not generally recoverable costs.");10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2676 (3d. ed. 1998) ("Except as prescribed in the discovery rules, attorney's fees associated with depositions are not taxable costs . . . . The same is true, barring exceptional circumstances, of an attorney's travelling expenses to attend a deposition.").

(11th Cir. 1983), for the proposition that "[l]ong distance telephone charges and travel expenses are appropriate expenses under § 1920 to the extent they are reasonable." Cullens, 29 F.3d at 1494.

In fact, Dowdell provides no support for the proposition that attorney travel expenses are generally recoverable under 28 U.S.C. § 1920. Dowdell reverses the denial of attorney travel expenses because the district court "applied the wrong law." Dowdell, 698 F.2d at 1188. The district court should have applied the Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (the "Fee Awards Act"), a cost-shifting statute under which "courts in this circuit have long awarded expenses as part of the costs in civil rights litigation," Dowdell, 698 F.2d at 1188 (emphasis added), including attorney travel expenses. Instead, the district court applied "the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a)" to deny recovery. However,"[w]here cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply." Dowdell, 698 F.2d at 1188-89. Although Dowdell confirms the availability of reasonable litigation expenses (including attorney travel expenses) as costs recoverable under the Fee Awards Act or other cost-shifting statutes in civil rights actions, Dowdell maintains "the traditional limitations" of Rule 54(d) and 28 U.S.C. § 1920 in other cases. See Lovett v. KLLM, Inc., No. 4:05-cv-026-RLV, 2007 WL 983192, *5 (N.D. Ga. Mar. 26, 2007). On the contrary, Dowdell emphasizes those limitations by noting that 28 U.S.C. §§ 1920 and 1923(a) "are premised on the so-called 'American rule' that each party must bear its own costs." Dowdell, 698 F.2d at 1189 n.12.

Cullens was a civil rights case governed by a cost-shifting statute, 42 U.S.C. § 2000e-5(k), and reasonable attorney travel expenses were therefore recoverable under Dowdell. Cullens cites Dowdell for this reason but announces no extension of Dowdell or elimination of "the traditional limitations" of Rule 54(d) and 28 U.S.C. § 1920.[2] Cullens's passing remark (on an issue not contested on appeal[3]) that "[l]ong distance telephone charges and travel expenses are appropriate expenses under § 1920 to the extent they are reasonable" (emphasis added) is likely an inadvertence and in any event dictum.[4] The magistrate judge correctly concluded that the remark "appears to have little application outside of the Civil Rights context."

Finally, the plaintiffs identify no legal or factual error in the magistrate judge's refusal to stay the award of costs or to adopt the proposed "setoff" against the March 5, 2008, judgment (Doc. 148). In short, a de novo[5] determination of those portions of the magistrate judge's order to which the parties object reveals that the

---

[2] Cf. Robertson v. Las Animas County Sheriff's Dep't, No. 04-cv-02294, 2006 WL 1806171, *4 (D. Colo. June 29, 2006) (distinguishing Cullens on the ground that the plaintiffs there moved for attorneys' fees under 42 U.S.C. § 1988. "In this case, Defendants did not file a motion for attorneys' fees. Defendants' bill of costs arises only under 28 U.S.C. § 1920, which does not contemplate travel expenses in its list of recoverable expenses.").

[3] See also Cullens v. Georgia Dep't of Transp., No. 93-8570, Br. for Appellee Georgia Dep't of Transp., 1993 WL 13128840 at *29 (Oct. 5, 1993) ("As for reasonable long distance telephone charges and reasonable travel expenses, the appellee agrees that these are appropriate costs of litigation under 28 U. S. C. § 1920, and to the extent that they were reasonably necessary and properly documented, should be awarded to the appellants.") (citing Dowdell v. City of Apoka, 698 F. 2d 1181, 1192 (11th Cir. 1983)) (emphasis added).

[4] See Lovett v. KLLM, Inc., No. 4:05-cv-026-RLV, 2007 WL 983192, 5 (N.D. Ga. Mar. 26, 2007) *5 n. 2 ("To the extent that the Eleventh Circuit's statement in Cullens would require taxing reasonable travel expenses pursuant to § 1920, that language appears to mistakenly reference § 1920 instead of § 1988. In any event, that language is merely dicta and, therefore, not binding on this court.").

[5] See LoSacco v. City of Middletown, 71 F.3d 88, 91-92 (2d Cir. 1995); Chambers v. Joseph T. Ryerson & Son, Inc., No. 3-05-CV-1533-D, 2007 WL 4302740, *1 n.1 (N.D. Tex. Aug. 31, 2007) ("It is not clear whether a motion to review the taxation of costs is a non-dispositive matter that can be heard and determined by a magistrate judge or a dispositive matter that must be decided by report and recommendation.").

- 5 -

objections either are unfounded or otherwise require no different resolution of the matter. Accordingly, the parties' objections (Docs. 172, 173) are **DENIED**.  The Clerk is directed to enter judgment for costs in favor of the defendant and against the plaintiff in the amount of $20,184.33, the amount ordered by the magistrate judge.

ORDERED in Tampa, Florida, on June 30, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE